# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GERARDO ALCALA, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-00916-SAB (PC)<br><br>ORDER DIRECTING OFFICE OF THE CLERK TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS<br><br>[ECF Nos. 1, 8, 10, 11] |

Plaintiff Robert C. Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff consented to United States Magistrate Judge jurisdiction on August 14, 2017. (ECF No. 6.) Defendants have not yet appeared in the action.

On August 22, 2017, the Court screened Plaintiff's complaint and found that it stated a cognizable claim for damages against Defendants Alcala and Garza for the use of excessive force but failed to state any other cognizable claims. (ECF No. 8.) Plaintiff was directed to either file a first amended complaint or notify the Court of his intent to proceed only on the claims found to be cognizable. (Id.)

On September 1, 2017, Plaintiff notified the Court of his intent to proceed only on the claims found to be cognizable. (ECF No. 10.) Therefore, September 6, 2017, the Court found that service was appropriate as to Plaintiff's claims for monetary damages against Defendants Alcala and Garza

1

for the use of excessive force. (ECF No. 11.) The Court dismissed all other claims for failure to state a cognizable claim for relief. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims in its September 6, 2017 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claims, and that the claims described below be dismissed, for the reasons explained herein.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now

higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in the custody of the California Department of Corrections and Rehabilitation and is housed at the California Medical Facility in Vacaville. The incidents alleged in the complaint occurred when Plaintiff was housed at Coalinga State Hospital.

On October 26, 2015, Plaintiff was involved in an altercation with another patient, Corey Bell. (Compl. 4, ECF No. 1.) About fifteen minutes later, Plaintiff and Bell had a second altercation. (Id.) During this second altercation, Plaintiff took a swing at Bell, but missed hitting him and there were no punches thrown. (Id. at 4-5.) Plaintiff and Bell were wrestling on the ground and Plaintiff contends that Bell had both hands on Plaintiff's throat and was violently squeezing while Plaintiff had his hands on Bell's wrist attempting to get Bell's hands off Plaintiff's throat. (Id. at 5.) Officers Alcala and Garza arrived and it should have been clear to them who the aggressor was. (AR 5.) The two officers sprayed two cans of pepper spray on Plaintiff, and only Plaintiff, blinding him for ninety seconds. (Id.)

Plaintiff brings this action against Officers Alcala and Garza alleging violation of the Eighth Amendment, and state law claims of assault and battery. In this action, Plaintiff is seeking monetary damages and declaratory relief.

///
///
///
///

3

# III.

# DISCUSSION

## A. Excessive Force Claim

Plaintiff brings this action alleging violation of the Eighth Amendment, however it is unclear from the complaint whether he was a civil detainee or a state prisoner at the time of the incident alleged. The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002). "In determining whether the use of force was wanton and unnecessary, courts may evaluate the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson, 503 U.S. at 7 (quotation marks and citations omitted).

On the other hand, civil detainees, similar to pretrial detainees, are entitled to Fourteenth Amendment protections. See Seling v. Young, 531 U.S. 250, 265 (2001) ("[D]ue process requires that the conditions and duration of confinement under the [civil confinement act] bear some reasonable relation to the purpose for which persons are committed."); Jones v. Blanas, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany

it.") A civil detainee is entitled to "more considerate treatment" than his criminally detained counterparts. Jones, 393 F.3d at 931 (quoting Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982).)

Recently, the Supreme Court held that a pretrial detainee's claim that he was subjected to excessive force arises under the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2475 (2015). In order to prevail on an excessive force claim a pretrial detainee must show that the force purposely or knowing used against him was objectively unreasonable. Kingsley, 135 S. Ct. at 2473. Whether the force is objectively unreasonable turns on the "facts and circumstances of each particular case." Id. at 2473 (quoting Graham, 490 U.S. at 396). This determination is to be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Kingsley, 135 S. Ct. at 2473. "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.' " Id. at 2473 (quoting Bell, 441 U.S. at 540).

Whether, a civil detainee or a prisoner, Plaintiff's allegation that Officers Alcala and Garza sprayed two cans of pepper spray on Plaintiff and only Plaintiff which blinded him for ninety seconds when he was not the aggressor in the incident is sufficient to state a cognizable claim for excessive force.

### B. State Law Claims

Plaintiff also brings a claim for assault and battery under California law. The California Tort Claims Act[1] requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910,

---

[1] The Court recognizes that in City of Stockton v. Superior Court, 42 Cal.4th 730, 742 (Cal. 2007), California's Supreme Court adopted the practice of referring to California's Tort Claims Act as the Government Claims Act. However, given that the federal government has also enacted a Tort Claims Act, 28 U.S.C. § 2671, the Court here refers to the Government Claims Act as the California Tort Claims Act in an effort to avoid confusion.

5

911.2, 945.4, 950-950.2 (West 2010). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 90 P.3d 116, 119 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007). To state a tort claim against a public employee, a plaintiff must allege compliance with the California Tort Claims Act. Cal. Gov't Code § 950.6; Bodde, 90 P.3d at 123. "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a compliant to general demurrer for failure to state a cause of action." Bodde, 90 P.3d at 120.

Plaintiff has failed to allege compliance with the California Tort Claims Act; and therefore, fails to state a claim under California law.

### C. Declaratory Relief

Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary in this action. Plaintiff's request for declaratory relief is dismissed and this action will proceed for monetary damages only.

## IV.
## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action on Plaintiff's claims for monetary damages against Defendants Alcala and Garza for the use of excessive force;

2. All other claims be dismissed from the action for failure to state a cognizable claim for relief; and

3. The Office of the Clerk is directed to randomly assign this action to a District Judge.

1     These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days**
3 after being served with these Findings and Recommendations, the parties may file written objections
4 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
5 Recommendations." The parties are advised that failure to file objections within the specified time
6 may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir.
7 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 30, 2017**

UNITED STATES MAGISTRATE JUDGE