UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>GERARDO ALCALA, et al.,<br><br>    Defendants. | No. 1:17-cv-00916-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. Nos. 1, 8, 10, 11, 17) |

Plaintiff Robert C. Williams is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 636(c), plaintiff consented to the jurisdiction of a United States Magistrate Judge on August 14, 2017. Local Rule 302. To date, defendants have not consented to or declined to consent to magistrate judge jurisdiction.

On August 22, 2017, the assigned magistrate judge screened plaintiff's complaint and found that it stated a cognizable claim for damages against defendants Alcala and Garza for the use of excessive force but failed to state cognizable state law claims for assault and battery for failure to comply with the California Tort Claims Act. (Doc. No. 8.) Plaintiff was directed to

either file a first amended complaint or notify the court of his intent to proceed only on the claims found to be cognizable. (*Id.*)

On September 1, 2017, plaintiff notified the court of his intent to proceed only on the claims found to be cognizable. (Doc. No. 10.) Therefore, September 6, 2017, the magistrate judge found that service was appropriate as to plaintiff's claims for monetary damages against defendants Alcala and Garza on the use of excessive force claim. (Doc. No. 11.) The magistrate judge dismissed all other claims for failure to state a cognizable claim for relief. (*Id.*) In that order the magistrate judge indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that plaintiff had consented to magistrate judge jurisdiction and no other parties had yet appeared in the action. (*Id.*)

On November 9, 2017, the Ninth Circuit Court of Appeals held that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Accordingly, the magistrate judge lacked jurisdiction to dismiss defendant Adams from the action by way of the September 6, 2017 order. Therefore, on December 1, 2017, the magistrate judge issued findings and recommendations recommending that this action proceed against defendants Alcala and Garza for excessive use of force and that plaintiff's state law claims and claim for declaratory relief be dismissed for failure to state a cognizable claim for relief. Those findings and recommendations were served on the parties and contained notice that objections were to be filed within fourteen days.

On December 15, 2017, defendants Alcala and Garza filed an answer to complaint. (Doc. No. 20.)

On January 2, 2018, plaintiff filed objections to the December 1, 2017 findings and recommendations. (Doc. No. 23.) In his objections, plaintiff contends that had he known the case would have been assigned to a District Judge, he would have sought to further amend the complaint. Plaintiff's contention in this regard is unfounded. In the August 22, 2017, screening order the magistrate judge found that plaintiff stated a cognizable Eighth Amendment claim for excessive use of force against defendants Alcala and Garza, but failed to state a cognizable claim

2

for assault and battery under state law for failure to plead the necessary compliance with the California Tort Claims Act. (Doc. No. 8.) Nothing in plaintiff's objections demonstrates that he is able to plead compliance with the California Tort Claims Act and he has failed to demonstrate good cause to grant him leave to amend his complaint. (Doc. No. 23.) The mere fact that the case is now assigned to a district judge for review does not demonstrate good cause to amend the complaint.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The December 1, 2017 findings and recommendations are adopted in full;
2. This action shall continue to proceed for monetary damages on plaintiff's claim of excessive use of force in violation of the Eighth Amendment against defendants Alcala and Garza; and
3. Plaintiff's state law claims of assault and battery and claim for declaratory relief are dismissed from the action for failure to state a cognizable claim for relief.

IT IS SO ORDERED.

Dated: **January 5, 2018**

UNITED STATES DISTRICT JUDGE

3