UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO ALCALA, et al.,<br><br>Defendants. | No. 1:17-cv-00916-DAD-SAB<br><br>ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S NONDISPOSITIVE ORDER<br><br>(Doc. No. 36.) |

Plaintiff Robert C. Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 28, 2018, the assigned magistrate judge denied plaintiff's motion for leave to amend the complaint. (Doc. No. 33.) On March 19, 2018, plaintiff filed an objection to the order denying leave to amend the complaint, which the court construes as an objection under Rule 72(a) of the Federal Rules of Civil Procedure. (Doc. No. 36.)

Plaintiff initiated this action on July 5, 2017. (Doc. No. 1.) On December 1, 2017, the assigned magistrate judge screened plaintiff's complaint and issued findings and recommendations recommending that this action proceed against defendants Alcala and Garza for excessive use of force and that plaintiff's state law claims and claim for declaratory relief be dismissed for failure to state a cognizable claim for relief. (Doc. No. 17.) Thereafter, defendants filed an answer to the complaint on December 15, 2017. (Doc. No. 20.) On December 21, 2017,

the magistrate judge issued the discovery and scheduling order setting June 21, 2018, as the deadline for any amendment of the pleadings. (Doc. No. 21.) On January 8, 2018, the undersigned issued an order adopting the assigned magistrate judge's findings and recommendations recommending that this action proceed against defendants Alcala and Garza for excessive use of force and that plaintiff's state law claims and claim for declaratory relief be dismissed for failure to state a cognizable claim for relief. (Doc. No. 24.) Accordingly, the action now proceeds for monetary damages on plaintiff's claim of excessive use of force in violation of the Eighth Amendment against defendants Alcala and Garza. (*Id.* at 3.) On February 26, 2018, plaintiff filed a one page motion for leave to amend his pleadings. (Doc. No. 33.) Plaintiff did not attach a proposed amended complaint to his motion, nor did he indicate in his motion in what way he wished to amend his complaint or address the good cause for doing so. (*Id.*) Accordingly, on February 28, 2018, the assigned magistrate judge denied plaintiff's motion to amend without prejudice. (Doc. No. 34.)

Under Federal Rule of Civil Procedure 72(a), a district judge reviews timely objections to orders on nondispositive matters by a magistrate judge to determine whether any part of the order is "clearly erroneous or … contrary to law." Fed. R. Civ. P. 72(a); *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991) ("The district court shall defer to the magistrate's orders unless they are clearly erroneous or contrary to law"). "That standard is highly deferential, and does not allow the court to 'simply substitute its judgment' for that of the magistrate judge." *Blight v. City of Manteca*, 266 F. Supp. 3d 1234, 1235 (E.D. Cal. 2017), *on reh'g*, No. 2:15-CV-2513 WBS AC, 2017 WL 2671018 (E.D. Cal. June 21, 2017) (internal citations omitted).

In his objection to the order denying his one page motion to amend, plaintiff cites Federal Rules of Civil Procedure 15 and 16, arguing that the standards governing leave to amend pleadings are liberal and should be permitted in this situation. (Doc. No. 36 at 2.) However, in both his motion to amend (Doc. No. 33) and his objections to the magistrate judge's order (Doc. No. 36), plaintiff fails to explain in what way he wishes to amend his complaint and why he should now be granted leave to do so. Though "Rule 15(a) declares that leave to amend shall be freely given when justice so requires," *Foman v. Davis*, 371 U.S. 178, 182 (1962), the court

cannot determine that leave to amend is appropriate if plaintiff does not provide any basis for his motion seeking leave to amend. Without an explanation for why plaintiff seeks leave to amend, the court cannot determine if "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Therefore, if plaintiff wishes to seek further leave to amend, he must provide a basis for such amendment and submit a proposed amended complaint for review with his motion. Fed. R. Civ. P. 15(a); Local Rule 137(c).

Accordingly, plaintiff's motion for objection/reconsideration (Doc. No. 36) to the magistrate judge's February 28, 2018 order is denied.

IT IS SO ORDERED.

Dated: **March 24, 2018**

UNITED STATES DISTRICT JUDGE