| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO ALCALA, et al.,<br><br>Defendants. | No. 1:17-cv-00916-DAD-SAB<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 35) |

On January 8, 2018, the undersigned issued an order adopting findings and recommendations issued on December 1, 2017 by the magistrate judge assigned to this case. (*See* Doc. Nos. 17, 24.) The magistrate judge's screening orders found that plaintiff had alleged a cognizable excessive force claim against defendants Alcala and Garza, but concluded that analogous state law claims for assault and battery failed because plaintiff did not allege his compliance with the California Tort Claims Act. On March 7, 2018, plaintiff filed a motion for reconsideration of this court's January 8, 2018 order, suggesting that he could allege compliance with the California Tort Claims Act, because he had since filed a claim under that act. (*See* Doc. No. 35.) However, the documents plaintiff has submitted in support of his motion for reconsideration make clear that he only filed his Tort Claims Act claim on December 18, 2017, after he received the magistrate judge's findings and recommendations. (*Id.* at 4.) That Tort Claims Act claim was denied because it was presented more than one year after the damages

1

accrued. (*Id.*) Claims must be presented to the governing body within one year of the accrual of the cause of action. Cal. Gov't Code § 911.2(a). Under California law, plaintiff's failure to file a timely claim under the Tort Claims Act deprives this court of jurisdiction to hear those claims. *See Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1224–25 (E.D. Cal. 2009) ("Presentation of a timely tort claim is a jurisdictional prerequisite to maintaining a cause of action against a public entity."); *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1173 (E.D. Cal. 2005) ("If a claimant fails to timely file a claim with the public entity, and its claim is consequently rejected by the public entity for that reason, courts are without jurisdiction to hear the claimant's cause of action.").[1]

Accordingly, plaintiff's motion for reconsideration (Doc. No. 35) is denied.

IT IS SO ORDERED.

Dated: **August 21, 2018**

_____
UNITED STATES DISTRICT JUDGE

---

[1] These decisions discuss suits brought against public entities, not the employees of those entities. However, exhaustion is also required for actions brought against public employees, since a claim may not be brought against a public employee for injuries caused within the scope of her employment if such an action would be barred against her employer. *See* Cal. Gov't Code § 950.2; *see also Doyle v. Cal. Dep't of Corr. & Rehab.*, No. 12–CV–2769 YGR, 2014 WL 5524452, at *8 (N.D. Cal. Oct. 31, 2014) ("In order to plead state law negligence claims against the individual CDCR defendants, plaintiff must also affirmatively plead that he has fulfilled the exhaustion requirements of the California Tort Claims Act."); *Boone v. City of Los Angeles*, No. CV12-09301 JAK (CWx), 2013 WL 12136800, at *4 (C.D. Cal. Sept. 25, 2013) (dismissing claims brought against individual defendant who was not named during the attempts to exhaust); *Glair v. City of Los Angeles*, No. CV 06-2730-R (RNB), 2007 WL 9658701, at *2 (C.D. Cal. Aug. 17, 2007) ("[P]laintiff further is advised that, under the California Tort Claims Act, it was incumbent upon him to present his state tort claims against the City and the individual defendants . . . to the City . . . not later than six months after the accrual of his causes of action."); *Newton v. Arapaia*, No. C05-1204 SBA, C04-2959 SBA, 2005 WL 1562787, at *5–6 (N.D. Cal. June 28, 2005) (observing that Government Code § 950.2 bars suits against public employees from acts or omissions in the scope of employment anytime an action would be barred against the employing public entity); *Neal v. Gatlin*, 35 Cal. App. 3d 871, 877 (1973). *But see Golden Day Schools, Inc. v. Pirillo*, 118 F. Supp. 2d 1037, 1048 (C.D. Cal. 2000) (stating "[i]t is unclear whether . . . a plaintiff may plead around the California Tort Claims Act by asserting a claim against a public official in his individual capacity").