UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>GERARDO ALCALA, et al.,<br><br>        Defendants. | Case No. 1:17-cv-00916-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>[ECF No. 40] |

Plaintiff Robert C. Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed April 11, 2018.

**I.**

**BACKGROUND**

This action is proceeding for monetary damages on Plaintiff's claim of excessive force under the Fourteenth Amendment against defendants Alcala and Garza.

On December 15, 2017, Defendants filed an answer to the complaint.

On December 21, 2017, the Court issued the discovery and scheduling order.

On January 23, 2018, Plaintiff filed a motion for summary judgment. On April 19, 2018, Plaintiff's motion for summary judgment was denied.

As previously stated, on April 11, 2018, Plaintiff filed a motion to amend the complaint. Defendants filed an opposition on August 9, 2018. Plaintiff's proposed amended complaint was lodged on August 17, 2018, and Plaintiff filed a reply on August 30, 2018. (ECF Nos. 56, 58.) Therefore, Plaintiff's motion is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

///
///
///

# III.
# DISCUSSION

Plaintiff seeks leave to amend the complaint to add facts regarding an October 21, 2015 incident, where he complained about an officer's failure to investigate clinical staff member's alleged attempt to sell pornography to another patient. (Mot. to Amd., ECF No. 40 at 7-8.) Plaintiff argues that this earlier incident was the motivating factor behind Defendants' purported use of excessive force five days later, which is at issue in this action. (Id.) Plaintiff also seeks leave to amend to "clarify" the law governing his excessive force claim against Defendants based on the October 26, 2015 incident. (ECF No. 40 at 3:3-13.) Plaintiff's motion to amend must be denied.

Initially, Plaintiff continues to argue that the Court's December 21, 2017 discovery and scheduling order setting a deadline to amend the pleadings allows for automatic leave to amend the complaint. As Plaintiff was advised in the Court's February 28, 2018 order, the scheduling order did not grant Plaintiff automatic leave to file an amended complaint.

Second, insofar as Plaintiff seeks to clarify that his excessive force claim is brought under the Fourteenth Amendment, rather than the Eighth Amendment, such amendment is futile. Defendants as well as the Court are aware that the legal authority governing Plaintiff's claim is the Fourteenth Amendment despite Plaintiff's allegations in the original complaint.[1] (ECF No. 8.)

Third, Plaintiff seeks to add allegations that Defendants conspired and retaliated against him by using excessive force on October 26, 2015, because of his complaint against the unidentified officer. As Defendants point out, it is unclear whether the purpose of these additional facts is to show Defendants' state of mind for using force on October 26, 2015, or to assert separate claims for retaliation and conspiracy. In any case, amendment is futile because these allegations fail to give rise to a cognizable claim for relief.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the

---

[1] Indeed, in his reply Plaintiff acknowledges the lack of need for further clarification. (Reply at 2, ECF No. 58.)

3

right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Minor acts such as "bad mouthing" and verbal threats usually cannot reasonably be expected to deter protected speech and therefore do not violate a plaintiff's First Amendment rights. See Coszalter v. City of Salem, 320 F.3d 968, 975-76 (9th Cir. 2003).

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at 1541).

Plaintiff's factual allegations fail to demonstrate that Defendants' conduct on October 26, 2015, was motivated because of a complaint Plaintiff filed against other officers five days earlier. Nor does Plaintiff allege that his rights were chilled. Further, Plaintiff's allegations do not demonstrate that Defendants entered into an agreement or had a meeting of the minds to violate his constitutional rights. Accordingly, Plaintiff fails to state a cognizable claim for retaliation and/or conspiracy.

With regard to establishing Defendants' state of mind in relation to their use of force on October 21, 2015, facts of an earlier incident are irrelevant without demonstrating Defendants' prior knowledge. Plaintiff's allegations fail to demonstrate that Defendants were aware of the other officer's unlawful conduct, the other officer's failure to investigate, or that Plaintiff filed a "verbal complaint" against the other officers. Therefore, absent fact allegations demonstrating Defendants' knowledge of the incident on October 21, 2015 and Plaintiff's complaint about that incident, the earlier incident is not relevant to Plaintiff's excessive force claim on October 26, 2015.

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 31, 2018**__

UNITED STATES MAGISTRATE JUDGE