# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>GERARDO ALCALA, et al.,<br><br>    Defendants. | Case No. 1:17-cv-00916-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>[ECF No. 38] |

Plaintiff Robert C. Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed March 27, 2018.

## I.

## BACKGROUND

This action is proceeding for monetary damages on Plaintiff's claim of excessive force under the Fourteenth Amendment against defendants Alcala and Garza.

On December 15, 2017, Defendants filed an answer to the complaint.

On December 21, 2017, the Court issued the discovery and scheduling order.

On January 23, 2018, Plaintiff filed a motion for summary judgment. On April 19, 2018, Plaintiff's motion for summary judgment was denied.

1

As previously stated, on March 27, 2018, Plaintiff filed a motion to compel discovery. Defendants filed an opposition on August 9, 2018. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l). Accordingly, Plaintiff's motion is deemed submitted for review without oral argument. (Id.)

**II.**

**LEGAL STANDARD**

Plaintiff is proceeding pro se and he is a civil detainee challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 21, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

///
///
///
///
///

## III.

## DISCUSSION

**A.     Motion to Compel**

Plaintiff seeks to compel Defendants to further respond to his first set of requests for production numbers one, two, three, four, six and seven. Plaintiff contends that Defendants "failed to "fully answer" each of the identified requests.

Defendants argue that they fully and completely responded to the requests by producing the requested documents or stating an inability to comply based on the non-existence of such documents.

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010).

///

1. Request for Production Numbers 1, 3, and 4

**Request for Production No. 1:** Defendants Officers Gerardo Alcala and Stephen Garza administrative disciplinary history report.

**Defendants' Response:** Objection. The request is overly broad and remote and without reasonable limitation in scope and time frame and as such is not reasonably calculated to lead to the discovery of admissible evidence or of information relevant to the subject matter of this action. Defendants further object to this request insofar as it requests information which is privileged and confidential pursuant to Rule 501 of the Federal Rules of Evidence. In addition, Defendants object to the request in that it is privileged and confidential pursuant to the provisions of Penal Code §§ 832.5, 832.7 & 832.8; Evidence Code §§ 1040-1045; Government Code § 6254; and their right to privacy as California peace officers.

Without waiving or prejudicing these objections Defendants respond as follows: Defendants have made a diligent search of records and a reasonable inquiry in a good faith effort to comply with the demand. Defendants believe that the documents responsive to this request have never existed and are not currently in Defendants' possession. Defendants believe there have not been any disciplinary reports against Officers Alcala and Garza.

**Request for Production No. 3:** Any and all prior complaints made against Officers Gerardo Alcala and Stephen Garza.

**Defendants' Response:** Objection. The request is overly broad and remote and without reasonable limitation in scope and time frame and as such is not reasonably calculated to lead to the discovery of admissible evidence or of information relevant to the subject matter of this action. Defendants further object to this request insofar as it requests information which is privileged and confidential pursuant to Rule 501 of the Federal Rules of Evidence. Defendants further object to the request for "prior complaints," insofar as the term is overly broad, vague, and ambiguous requiring speculation and conjecture as to the meaning thereof and are therefore, without reasonable limitations in scope making the request oppressive, burdensome, and unintelligible. In addition, Defendants object to the request in that it is privileged and confidential pursuant to the provisions of Penal Code

§§ 832.5, 832.7 & 832.8; Evidence Code §§ 1040-1045; Government Code § 6254; and their right to privacy as California peace officers.

Without waiving or prejudicing these objections Defendants respond as follows: Defendants have made a diligent search of records and a reasonable inquiry in a good faith effort to comply with the demand. Defendants believe that the documents responsive to this request have never existed and are not currently in Defendants' possession. Defendants believe there have not been any complaints against Officers Alcala and Garza.

**Request for Production No. 4:** Any and all prior excessive force involvement by Officers Gerardo Alcala and Stephen Garza.

**Defendants' Response:** Objection. The request is overly broad and remote and without reasonable limitation in scope and time frame and as such is not reasonably calculated to lead to the discovery of admissible evidence or of information relevant to the subject matter of this action. In addition, the request concerns a legal conclusion that is more properly addressed to experts. Any information on prior excessive force lawsuits involving Defendants, if any there were, is equally available to all parties as a matter of public record. Defendants further object to the request for "prior excessive force involvement," insofar as the term is overly broad, vague, and ambiguous requiring speculation and conjecture as to the meaning thereof and are therefore, without reasonable limitation in scope making the request oppressive, burdensome, and unintelligible. Defendants further object to this request insofar as it requests information that violates the right to privacy of third parties. In addition, Defendants object to the request in that it is privileged and confidential pursuant to the provisions of Penal Code §§ 832.5, 832.7 & 832.8; Evidence Code §§ 1040-1045; Government Code § 6254; and their right to privacy as California peace officers.

Without waiving or prejudicing these objections Defendants respond as follows: Defendants have made a diligent search of records and a reasonable inquiry in a good faith effort to comply with the demand. Defendants believe that the documents responsive to this request have never existed. Defendants have no prior excess[ive] force involvement.

**Ruling:** Plaintiff's motion to compel further responses to requests numbers 1, 3 and 4 is denied. Defendants have produced documents responsive to Plaintiff's requests. The fact that

Plaintiff disagrees with the answer or believes that he should have provided a different answer, is not grounds to compel a further response. Accordingly, Plaintiff's motion to compel is denied.

2. Request for Production Numbers 2, 6, 7

**Request for Production No. 2:** Defendants Officers Gerardo Alcala and Stephen Garza debrief report for the incident on October 26, 2015.

**Defendants' Response:** Objection. The request is vague and ambiguous as to what incident on October 26, 2015, and as to the phrase "debrief report." "Debrief report for the incident" is overly broad, vague, and ambiguous requiring speculation and conjecture as to the meaning thereof and are therefore, without reasonable limitation in scope making the request oppressive, burdensome, and unintelligible. In addition, Defendants object to the request in that it is privileged and confidential pursuant to the provisions of Penal Code §§ 832.5, 832.7 & 832.8; Evidence Code §§ 1040-1045; Government Code § 6254; and their right to privacy as California peace officers.

Without waiving or prejudicing these objections Defendants respond as follows: Defendants will produce all responsive, non-privileged, non-protected incident reports related to Plaintiff's October 26, 2015 incident, in its possession, custody or control after a diligent search and reasonable inquiry. See AG0371-397 (with private third-party names and personal information redacted to protect individual's right to privacy).

**Request for Production No. 6:** Officer Munoz investigation report of the incident that happened October 26, 2015.

**Defendants' Response:** Objection. The request is vague and ambiguous as to which incident on October 26, 2015. Defendants further object to this request insofar as it requests information which is privileged and confidential pursuant to Rule 501 of the Federal Rules of Evidence. Defendants further object to the request for an "investigation report," insofar as the term is overly broad, vague, and ambiguous requiring speculation and conjecture as to the meaning thereof and are therefore, without reasonable limitations in scope making the request oppressive, burdensome, and unintelligible. Defendants further object to this request insofar as it requests information that violates the right to privacy of third parties. In addition, Defendants object to the request in that it is privileged and

confidential pursuant to the provisions of Penal Code §§ 832.5, 832.7 & 832.8; Evidence Code §§ 1040-1045; Government Code § 6254; and their right to privacy as California peace officers.

Without waiving or prejudicing these objections Defendants respond as follows: Defendants will produce all responsive, non-privileged, non-protected incident reports related to Plaintiff's incident on October 26, 2015, in its possession, custody or control after a diligent search and reasonable inquiry. See AG0371-397 (with private third-party names and personal information redacted to protect individuals' right to privacy).

**Request for Production No. 7:** The police reports Coalinga State Hospital ever filed since 2008 through 2015 against Plaintiff.

**Defendants' Response:** Objection. The request is overly broad and remote and without reasonable limitation in scope and time frame. The request for prior police reports against Plaintiff is not reasonably calculated to lead to the discovery of admissible evidence or of information relevant to the subject matter of this action. Defendants further object because the propounded question seeks information equally available to propounding party, who would be subject to any prior police reports against him, and is therefore oppressive and unduly burdensome to the responding party. Defendants further object to this request insofar as it requests information which is privileged and confidential pursuant to Rule 501 of the Federal Rules of Evidence. Defendants further object to the request for "police reports," insofar as the term is overly broad, vague, and ambiguous requiring speculation and conjecture as to the meaning thereof and are therefore, without reasonable limitation in scope making the request oppressive, burdensome, and unintelligible. Defendants further object to this request insofar as it requests information that violates the right to privacy of third parties. In addition, Defendants object to the request in that it is privileged and confidential pursuant to the provisions of Penal Code §§ 832.5, 832.7 & 832.8; Evidence Code §§ 1040-1045, 1151; Government Code § 6254; and their right to privacy as California peace officers.

Without waiving or prejudicing these objections Defendants respond as follows: Defendants will produce relevant, responsive, non-privileged, non-protected incident reports involving Plaintiff from 2008 through 2015, in its possession, custody or control after a diligent search and reasonable inquiry. See AG0194-198; AG0208-210; AG0220-239; AG0251-268; AG0273-280; AG0300-303;

8

AG0313-316 (with private third-party names and personal information redacted to protect individuals' right to privacy.).

**Ruling:** Plaintiff's motion to compel must be denied. Defendants have produced documents responsive to Plaintiff's requests. The fact that Plaintiff disagrees with the answer or believes that he should have provided a different answer, is not grounds to compel a further response. Therefore, Plaintiff's motion to compel is denied.

### III.

### CONCLUSION AND ORDER

While the Court recognizes that Plaintiff is disinclined to accept Defendants' discovery responses at face value, he is in a position no different than any other civil litigant: he is required to accept legally sufficient discovery responses. Mere distrust and suspicion do *not* form a legitimate basis to further challenge facially sufficient discovery responses. Fed. R. Civ. P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 634 (E.D. Cal. 2013). Moreover, signed discovery responses are themselves certifications to the best of the person's knowledge, information, and belief formed after a reasonable inquiry, Fed. R. Civ. P. 26(g)(1)(B) (quotation marks omitted), as are other signed filings presented to the Court, Fed. R. Civ. P. 11(b). See also Fed. R. Civ. P. 33(c). Further, Defendants are required to supplement their discovery responses should they learn that their responses were incomplete or incorrect, if the incomplete or incorrect information has not otherwise been made known to Plaintiff. Fed. R. Civ. P. 26(e)(1) (quotation marks omitted). Accordingly, Plaintiff's motion to compel is denied.

IT IS SO ORDERED.

Dated: __**August 31, 2018**__

UNITED STATES MAGISTRATE JUDGE