# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GERARDO ALCALA, et al.,<br><br>　　　　　Defendants. | Case No. 1:17-cv-00916-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 62] |

Plaintiff Robert C. Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed September 13, 2018.

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

///

///

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff contends that his mental health condition makes it difficult for him to effectively prosecute this action. Although Plaintiff contends that he is being treated for mental health issues, the Court does not find that the exceptional factors necessary to justify appointment of counsel exist in this case, at the present time. The record to date demonstrates that Plaintiff understands the litigation process and how to file documents. Furthermore, the Court cannot evaluate the likelihood of success of the merits at this juncture, and the record in this case demonstrates sufficient writing ability and legal knowledge to articulate the claims asserted. Moreover, circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Accordingly, Plaintiff's second motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated: **September 17, 2018**

UNITED STATES MAGISTRATE JUDGE