UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO ALCALA, et al.,<br><br>Defendants. | No. 1:17-cv-00916-DAD-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT<br><br>(Doc. No. 40, 59, 61) |

Plaintiff Robert C. Williams is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2018, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion to amend his complaint be denied. (Doc. No. 59.) The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within twenty-one days after service. (*Id.* at 5.) Plaintiff filed objections on September 13, 2018. (Doc. No. 61.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and

1

by proper analysis.

In moving to amend his complaint, plaintiff seeks to add allegations that defendants conspired and retaliated against him because of his complaint against an unidentified officer, and that this retaliation took the form of using excessive force against him. Specifically, plaintiff seeks to add allegations that on October 21, 2015, he filed a complaint about a clinical staff member. (Doc. No. 40 at 7–8.) In his objections, plaintiff states that he seeks to add these allegations to his complaint in this case for two reasons. First, he wishes to establish the defendants' state of mind when they used excessive force against him on October 21, 2015. (Doc. No. 61 at 2.) Second, he seeks to use these facts to allege a new claim for conspiracy and/or retaliation.

With respect to defendants' state of mind, the court finds that leave to amend must be denied because it would unduly delay this litigation. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The undersigned has already concluded that plaintiff's complaint states a cognizable claim for excessive use of force. (Doc. No. 24 at 3.) No further factual allegations in the complaint are therefore required to support this claim, and granting leave to amend would serve only to delay resolution of this matter without any corresponding benefit. Regarding any additional claims plaintiff seeks to now allege, the assigned magistrate judge found that these additional allegations, even if credited, would not state a cognizable claim for relief, either as to claims of conspiracy or retaliation. Plaintiff's objections do not call those conclusions into question.

Accordingly:

1. The findings and recommendations issued on August 31, 2018 (Doc. No. 59) is adopted in full; and
2. Plaintiff's motion to amend the complaint (Doc. No. 41) is denied.

IT IS SO ORDERED.

Dated: **November 27, 2018**

UNITED STATES DISTRICT JUDGE

2