UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT C. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>GERARDO ALCALA, et al.,<br><br>Defendants. | Case No. 1:17-cv-00916-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO EXCUSE DEPUTY ATTORNEY GENERAL, DIANA ESQUIVEL<br><br>[ECF No. 78] |

Plaintiff Robert C. Williams is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On April 19, 2019, Plaintiff filed a request to reassign defense counsel, Deputy Attorney General, Diana Esquivel. Defendants filed an opposition on May 7, 2019. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

///
///
///
///
///
///
///

1

# I.

# DISCUSSION

Motions to disqualify counsel are decided under state law. Hitachi, Ltd v. Tatung Co., 419 F.Supp.2d 1158, 1160 (N.D. Cal. 2006), citing In re Cnty. of L.A., 223 F.3d 990, 995 (9th Cir. 2000); see also Rodriguez v. W. Publ'g Corp., 563 F.3d 948, 967 (9th Cir. 2009) ("By virtue of the district court's local rules, California law controls whether an ethical violation occurred."); Local Rule 180(e). "Under California law the starting point for deciding a motion to disqualify counsel is the recognition of interests implicated by a motion." Id. Motions to disqualify counsel due to a conflict of interest is within the trial court's discretion. Hitachi, 419 F.Supp.2d at 1160. Disqualification motions involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, and the financial burden on a client to replace disqualified counsel. Id. at 1161. "Disqualification is a blunt tool meant to encourage wide berth of ethical grey areas, its ruthlessness warranted only after a clear showing of conflict." Lennar Mare Island, LLC v. Steadfast Ins. Co., 105 F.Supp.2d 1100, 1107 (E.D. Cal. 2015).

Plaintiff contends that defense counsel should not be allowed to represent Defendants in both of his pending cases, Williams v. Alcala, Case No. 1:-17-cv-00916-DAD-SAB (PC) (E.D. Cal.) and Williams v. Casanova, Case No. 1:17-cv-00917-JLT (PC) (E.D. Cal.), because it is "clearly an unfair prejudice that have a disadvantage for the Plaintiff with defense counsel observing Plaintiff strategies, star witnesses and potiential [sic] evidence." (Mot. at 1.) Plaintiff further contends "[t]hese two civil lawsuits have many similaries [sic] and Plaintiff contest by not reassigning defense counsel his constitutional rights would be violated by not affording the Plaintiff a fair and impartial trial." (Id. at 2.)

Plaintiff fails to demonstrate that a conflict of interest exists, or will arise, by representation of Deputy Attorney General, Diana Esquivel, in both of Plaintiff's cases. Although Plaintiff claims that he will be denied "a fair and impartial trial," if the presentation continues, his claim is speculative and conclusory. Defense counsel submits that Plaintiff has conducted discovery and obtained information to assist in proving his claims, and there is nothing in Williams v. Casanova, Case No. 1:17-cv-00917-

JLT (PC) that will impede his ability to prosecute and litigate the instant case. Accordingly, Plaintiff's motion to disqualify Deputy Attorney General, Diana Esquivel is denied.

IT IS SO ORDERED.

Dated: **May 23, 2019**

UNITED STATES MAGISTRATE JUDGE